STATE OF WEST VIRGINIA

**FILED**
**June 1, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**MICHAEL J. CORVI,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0975** (BOR Appeal No. 2049353)
                     (Claim No. 2013031596)


**KROGER LIMITED PARTNERSHIP I,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Michael J. Corvi, by William C. Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kroger Limited Partnership I, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 26, 2014, in which the Board affirmed a March 27, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 24, 2013, decision denying Mr. Corvi's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Corvi worked as a clerk and night grocery stocker for Kroger Limited Partnership I. Mr. Corvi alleges that he injured his lower back on April 15, 2013, when he was lifting bales of sugar while working alone. Mr. Corvi was treated by Freeda J. Flynn, M.D., on April 16, 2013, for low back pain with an onset of ten years. Dr. Flynn diagnosed Mr. Corvi with an unspecified backache. Mr. Corvi continued to work until he was suspended from work for an unrelated

1

matter on April 19, 2013, and then, Mr. Corvi was discharged from his employment on April 21, 2013. Mr. Corvi completed a Report of Injury application on May 7, 2013. Dr. Flynn completed the physician's portion of the application and opined that the injury did not aggravate a prior injury. Dr. Flynn diagnosed Mr. Corvi with low back pain. Mr. Beeje Moorhead, an Associate Manager at Kroger, completed a Kroger Employee Incident Questionable Claim Form and noted that Mr. Corvi did not report his injury in a timely manner. Mr. Moorhead further stated that Mr. Corvi worked from the date of injury until the date of suspension without reporting the incident and did not report the injury until he was called by an employee of Kroger on May 16, 2013. Mr. Corvi is requesting that his claim be held compensable for low back pain. The claims administrator denied Mr. Corvi's application for workers' compensation benefits because he did not immediately report the alleged injury and never reported the alleged injury to management. The claims administrator further found that he did not complete a Report of Injury application until after his April 19, 2013, suspension from work and that his alleged injury does not appear to be attributed to a definite, isolated, fortuitous occurrence.

The Office of Judges affirmed the claims administrator's decision and found that Mr. Corvi did not sustain a compensable injury in the course of and as a result of his employment on April 15, 2013. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Corvi disagrees and asserts that his claim should be compensable because he did suffer an injury from a definite, isolated, fortuitous event that occurred at work. Kroger maintains that the preponderance of the evidence shows that Mr. Corvi has a pre-existing low back condition that dates back to 2001 and that he worked from the date of alleged injury until the date of suspension without reporting the matter. It further maintains that Mr. Corvi's date of application should be considered in determining compensability under West Virginia Code § 23-4-1c(a)(2)(B) (2009) because his employment was terminated within sixty days of the date of his application for workers' compensation benefits and he did not file a Report of Injury form or report the injury until after he was terminated on April 21, 2013.

Mr. Corvi allegedly was injured on April 15, 2013. Dr. Flynn saw Mr. Corvi for low back pain on April 16, 2013, and Mr. Corvi reported his back pain had an onset of ten years ago. Dr. Flynn's report did not mention any work-related injury occurring on April 15, 2013, and she diagnosed Mr. Corvi with unspecified backache. Mr. Corvi testified that he did not report his injury to management when it occurred or in the following days because he was suspended from work on April 19, 2013 and advised by his union not to contact the company. The Office of Judges noted that Mr. Corvi did not inform his employer of his alleged injury until the employer called him on May 16, 2013, and did not complete a Report of Injury until May 7, 2013, both of which occurred after his employment was terminated on April 21, 2013.

On the Report of Injury application, Dr. Flynn found this injury did not aggravate a prior injury or disease. Mr. Corvi testified that he had prior back issues and had been receiving treatment for his back as recently as three weeks before the current complaint. On April 27, 2013, Mr. Corvi was seen at East Ohio Regional Hospital, and the report noted that Mr. Corvi had chronic back pain with exacerbation in the last three days. The Office of Judges found this exacerbation would not be work-related because it occurred longer than three days ago. The Office of Judges further found that Mr. Corvi's July 20, 2013, lumbar MRI showed no

2

significant change from his December 22, 2012, lumbar MRI. It noted that the burden to establish the claim is on Mr. Corvi and that he failed to meet this burden. The Office of Judges concluded that more likely than not Mr. Corvi's back issues are pre-existing and chronic and unrelated to the alleged incident at work on April 15, 2013.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order. This Court agrees with the Board of Review's Order. Mr. Corvi did not report the alleged April 15, 2013, injury to his employer until May 16, 2013, after he was suspended and then terminated from his employment on April 21, 2013. Mr. Corvi had pre-existing chronic low back pain, and his July 20, 2013, MRI showed no significant change from his December 22, 2012, MRI. Mr. Corvi saw Dr. Flynn on April 16, 2013, and did not mention a work injury occurring on April 15, 2013. Mr. Corvi has failed to show that he sustained an injury in the course of and resulting from employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3